RECEIVED
IN ALEXANDRIA, LA
SEP - 8 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **WASHINGTON McCASKILL** | **DOCKET NO. 09-CV-2233; SEC. P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **W. RYDER, ET AL.** | **MAGISTRATE JUDGE JAMES D. KIRK** |

### REPORT AND RECOMMENDATION and ORDER

Before the court is a civil rights case filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] by Plaintiff Washington McCaskill, pro se and *in forma pauperis*. Plaintiff is an inmate in the custody of the Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary Pollock. He names as defendants W. Ryder, Warden Joe Keffer, Lieutenant Crittle, L. Longmore, and Willie Vasquez.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural Background*

Plaintiff filed two civil suits in December 2009 regarding an incident that allegedly occurred on July 23, 2009. The first suit was filed on December 14, 2009. It remained deficient until January 19, 2010. After ordering Plaintiff to amend the complaint,

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

it was ultimately dismissed, in part with prejudice under 1997e, and in part without prejudice. *McCaskill v. Ryder*, 1:09-cv-0214 (WDLA 2009). That case is currently pending before the Fifth Circuit Court of Appeals.

The second suit was filed just two weeks after the first. It remained deficient until July 19, 2010. In this suit, Plaintiff makes the same claims, against the same defendants, about the same incident as in the prior suit.

### *Initial Review*

Plaintiff has again been allowed to proceed *in forma pauperis*. When a prisoner sues an officer or employee of a governmental entity in a civil rights complaint, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

Plaintiff's current lawsuit was filed just two weeks after the prior suit. All of Plaintiff's claims were thoroughly addressed in the first suit. This second lawsuit is duplicative and allowing it to proceed would be "redundant and an impermissible waste of judicial resources." See Moore v. U.S. Marshals Service, 2010 WL 1978938, citing Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990).

Also, as noted above, a federal court is authorized to dismiss a claim filed *in forma pauperis* if the court determines that the action is malicious. An *in forma pauperis* prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by the same prisoner in federal court. See id., citing Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); 28 U.S.C. § 1915(e)(2). Additionally, a claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992). Because Plaintiff's claims had all been addressed at the time of filing his most recent amended complaint, Plaintiff's claim is also frivolous.

### *Conclusion and Recommendation*

For the forgoing reasons, **IT IS RECOMMENDED** that this prisoner action be **DISMISSED** with prejudice as malicious and frivolous under

28 U.S.C. § 1915(e); and, in light of the foregoing, **IT IS ORDERED** that Plaintiff's **Motion Requesting Issuance of Subpoena Duces Tecum [Doc. #10]** be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 8th day of September, 2010.

JAMES D. KIRK
United States Magistrate Judge